UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
          :
UNITED STATES OF AMERICA,          :
          :      13-CR-70 (JMF)
    -v-          :
          :    MEMORANDUM OPINION
JAMES MITCHELL,          :          AND ORDER
          :
        Defendant.      :
          :
----------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

    Defendant James Mitchell, who has served approximately 85% of his sentence for a non-violent drug offense, moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). *See* ECF No. 286 ("Motion"). The compassionate release statute provides that the Court "may reduce" a defendant's term of imprisonment "if it finds that . . . extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission" and the sentencing factors set forth in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A)(i).[1] Upon review of the parties' submissions, the Court finds that all of these requirements are met.

    The Government wisely concedes that there are "extraordinary and compelling reasons" justifying release. *See* Opp'n 5. For one thing, this Court and others have concluded that "the threat of COVID-19 to those in prison," by itself, "constitutes an extraordinary and compelling reason for compassionate release." *United States v. Pacheco*, No. 12-CR-408 (JMF), 2020 WL 4350257, at *1 (S.D.N.Y. July 29, 2020) (citing cases). But on top of that, Mitchell is fifty-four

---

[1]     The statute also imposes a mandatory exhaustion requirement, *see* 18 U.S.C. § 3582(c)(1)(A), which — as the Government appears to concede — Mitchell has satisfied. *See* Motion 8-9; ECF No. 288 ("Opp'n"), at 3.

1

years old and suffers from, among other serious medical conditions, type II diabetes mellitus and hypertension, which means he is at significantly higher risk in the event that he contracts COVID-19.  *See* Motion 4-6.  And, as the Government acknowledges, there are cases of COVID-19 in FCI Williamsburg, the facility in which Mitchell is detained.  *See* Opp'n 4.

Thus, Mitchell's motion turns on the other statutory requirements — namely, the Section 3553(a) factors and applicable policy statements.  *See Pacheco*, 2020 WL 4350257, at *2.  On balance, they weigh in favor of granting Mitchell's motion.  Among other things, Mitchell has served the vast majority of his 120-month sentence; the conditions of his confinement for the last six months — which have included any number of serious restrictions designed to stem the spread of the virus, *see* Opp'n 3 — have been harsher than normal; his offense was a non-violent drug offense (and many of his drug purchases were for his or his stepbrother's personal use), *see* ECF 126, at 19-20; as the Court noted at sentencing, he was "the least culpable member of the charged conspiracy," *id.* at 19; and his record in prison has been impressive, *see* Motion 7-8.  Additionally, "[d]ue to the COVID-19 pandemic, the 'history and characteristics of the defendant'" and "the need for the sentence imposed . . . to reflect the seriousness of the offense . . . and to protect the public from further crimes of the defendant," 18 U.S.C. § 3553(a), now weigh heavily in favor of Mitchell's release.  *Pacheco*, 2020 WL 4350257, at *2 (internal quotation marks omitted).  In the final analysis, only two considerations weigh against granting Mitchell's motion: his lengthy criminal history and the fact that he was subject to a statutory mandatory minimum.  As the Court noted at the time of sentencing, however, many of Mitchell's prior convictions are for non-violent offenses linked to his history of substance abuse.  *See* ECF No. 126, at 19.  And regardless, these considerations do not outweigh the reasons for granting

Mitchell's motion — particularly since he will be on supervised release and can be sent back to prison in the event that he violates the terms of his supervised release.

In short, Mitchell's motion is GRANTED. More specifically, the Court orders that:

(1) Mitchell's sentence of incarceration is reduced to time served pursuant to 18 U.S.C. § 3582(c)(1)(A);

(2) Mitchell is ordered released from Bureau of Prisons custody, effective immediately; and

(3) Mitchell shall serve five years of supervised release, subject to the conditions of supervised release set forth in the judgment dated July 2, 2014, see ECF No. 121, modified as follows:

   (a) Mitchell shall serve twelve months of supervised release on home confinement, to be enforced by GPS monitoring, at a residence approved by the Probation Department;

   (b) Mitchell shall promptly travel from South Carolina to New York, wearing a mask en route, and shall self-quarantine in the home of Regina Ross for fourteen days;

   (c) Mitchell is to report to the Probation Department at 500 Pearl Street, 6th Floor, New York, New York, at **10:00 a.m. fifteen days after his arrival in New York** to have the GPS tracker affixed to his ankle;

   (d) While on home confinement, Mitchell must remain at his approved residence except to seek any necessary medical treatment, in each instance with prior notice and approval by the Probation Department; and

   (e) Mitchell must possess or have access to a telephone that will allow him to video-conference with the Probation Department.

The Government shall immediately notify the Bureau of Prisons of this Order. The Clerk of Court is directed to terminate ECF No. 286.

SO ORDERED.

Dated: September 1, 2020
       New York, New York

_____
JESSE M. FURMAN
United States District Judge